```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION

RAMON ROBLEDO GARCIA           §
     TDCJ-CID #1200692         §
V.                             §         C.A. NO. C-06-058
                               §
INMATE TRUST FUND, ET AL.      §
```

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Pending is defendant Officer Margaret Ortiz' motion for summary judgment to dismiss plaintiff's fourth amendment privacy claims, *inter alia,* for failure to exhaust administrative remedies. (D.E. 61). Plaintiff has failed to file a response in opposition. For the reasons stated herein, the Court grants defendant's motion for summary judgment and dismisses plaintiff's claims against defendant for failure to exhaust administrative remedies. 42 U.S.C. § 1997e.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II. FACTUAL BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Divisions ("TDCJ-CID"), and is currently incarcerated at the Dominguez State Jail in San Antonio, Texas. He filed this lawsuit on December 12, 2005, complaining of numerous events that allegedly occurred while he was assigned to the Garza East Transfer Unit in Beeville, Texas. (See D.E. 1).

Following an April 26, 2006 Spears[1] hearing, all but plaintiff's fourth amendment privacy claims against Officer Ortiz were dismissed. (See D.E. 40, 45).

On August 31, 2006, defendant Officer Ortiz moved for a Rule 7(a) reply seeking additional information about plaintiff's claims. (D.E. 56). The motion was granted, (D.E. 57), and on September 15, 2006, plaintiff filed his Rule 7(a) reply. (D.E. 60).

On October 26, 2006, defendant filed the instant motion for summary judgment. (D.E. 61). Plaintiff has not filed a response in opposition.[2]

### III. SUMMARY JUDGMENT EVIDENCE AND UNCONTESTED FACTS

In support of her motion for summary judgment, Officer Ortiz offers the following summary judgment evidence:

- Ex. A:  TDCJ Administrative Directive Regarding Offender Searches;
- Ex. B:  Plaintiff's TDCJ grievance records.

The following facts are not in dispute, and are taken from plaintiff's Rule 7(a) reply (D.E. 60):

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

[2] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

Officer Ortiz is a female TDCJ correctional officer. (D.E. 60). In June and July, 2005, she was employed at the Garza East Unit and assigned to the kitchen. Id. One evening in June or July of 2005, plaintiff, along with fifteen other inmates, was working in the kitchen, while Officer Ortiz was acting as security supervisor with two male correctional officers. Id. At approximately 8:30 p.m., at the end of the inmates' kitchen shift, Officer Ortiz ordered a strip search of each prisoner to ensure that no items were being smuggled from the kitchen to the dormitory areas. Id. The strip search included an inspection of the inmates' genital area. Id. Officer Ortiz instructed the male officers under her charge to order the inmates to pull back their foreskin during the visual inspection of their genital area. Id. Officer Ortiz remained in the area during the strip search and observed the search of the inmates. Id. Officer Ortiz did not physically participate in the search or touch a male inmate. Id. Officer Ortiz observed the search of plaintiff's genitals, but did not touch him during the search. Id.

In the fifteen days following the strip search, plaintiff did not file a Step 1 grievance complaining about the incident, nor did he file a Step 1 grievance complaining about Officer Ortiz. (See DX-B).

### IV. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).  The Court may not weigh the evidence, or evaluate the credibility of witnesses.  Id.  Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot

consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." Caboni, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." Anderson, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing

5

law will properly preclude the entry of summary judgment." Id. at 248.

## V. DISCUSSION

Defendant moves for summary judgment to dismiss plaintiff's claims on the grounds that plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e.

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. Porter v. Nussle, 534 U.S. 516, 532 (2002); Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. Booth v. Churner, 532 U.S. 731, 734 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). The Supreme Court recently clarified that a prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006).

The Texas Department of Criminal Justice ("TDCJ") currently provides a two-step procedure for presenting administrative grievances. Step 1 requires the prisoner to submit an administrative grievance at the institutional level. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998) (citing to TDCJ Administrative Directive No. AD-03.82 (rev. 1), Policy, ¶ IV (Jan. 31, 1997)). After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker, which may be the warden, assistant warden, facility administrator, assistant facility administrator, or health administrator. Id. Step 2 permits the prisoner to submit an appeal to the division grievance investigator with the Institutional Division of the TDCJ. Id. After an investigation, the departmental grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 2 of the process, which is the director, deputy director, regional director or assistant director. Id.

The grievance procedure takes approximately ninety days to exhaust. Wendell, 162 F.3d at 891. Prisoners are allowed fifteen calender days to file a Step 1 grievance. Id. (citing TDCJ Admin. Directive No. AD-03.82 (rev. 1), Policy ¶ VI (Jan. 31, 1997)). The response to the Step 1 grievance is due within forty days after receipt of the grievance. Id. The prisoner then has ten days to submit an appeal. Id. The response to the Step 2 grievance is

7

due within forty days after receipt of the prisoner's appeal. Id. The TDCJ Inmate Grievance System provides that, if an inmate does not receive a written decision within 180 days after the grievance is filed, he may proceed with his other state or federal court remedies. Tex. Gov't Code § 501.008(d)(2). A prisoner must pursue his grievance at both the Step 1 and Step 2 levels in order to exhaust his administrative remedies. See Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004), citing Wright, 260 F.3d at 358.

The purpose of the exhaustion requirement is to alert prison officials of problems so that the prison has a chance to address the claims before they reach federal court. Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001). As acknowledged by the Supreme Court, Congress intended the administrative process to "filter out some frivolous claims and foster better-prepared litigation once a dispute did move to the courtroom, even absent formal factfinding." Booth, 532 U.S. at 737.

In his original complaint, plaintiff indicated that he had **not** exhausted both steps of the grievance procedure concerning his claim against Officer Ortiz. (See D.E. 1 at ¶ III). However, for purposes of § 1915A screening, his claim was allowed to proceed forward. Defendant has now offered copies of the grievances filed by plaintiff from January 2004 through October 2006. (See DX-B). Exhibit B reveals that the following grievances were filed by plaintiff:

    (1)    Grievance # 2006089849, Step 1, dated January 30, 2006, complaining about mail room personnel and lay-in passes; no corresponding Step 2 grievance filed;

    (2)    Grievance # 2006107459, Step 1, dated February 26, 2006, challenging a disciplinary conviction for refusing to obey an order, plus grievance investigation worksheet, including disciplinary hearing record and offense report; no corresponding Step 2 grievance filed; and

    (3)    Grievance #2006179609, Step 1, dated June 20, 2006, complaining about Inmate Trust Fund withdraws, with investigation worksheet; no corresponding Step 2 grievance filed.

(DX-B).

    Defendant's Exhibit B is uncontested evidence that plaintiff failed to file a Step 1 or Step 2 grievance complaining about the facts that form the basis of this lawsuit. That is, during the time period when the complained of strip search occurred, June or July of 2005, plaintiff failed to file any grievance within 15 days thereafter, or any time thereafter, complaining of the search in general or Officer Ortiz in particular. In failing to file a Step 1 grievance or to pursue the administrative process as provided, plaintiff has not permitted prison officials to address his claim or to propose a solution. Rather, he has attempted to circumvent the very system that is in place to assist inmates, prison administrators, and the federal courts. By filing suit prior to exhaustion, plaintiff has sought relief to which he is not entitled. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), cert. denied, 526 U.S. 1133 (1999).

The Fifth Circuit has recognized that the exhaustion requirement may, in rare circumstances, be excused where dismissal would be inefficient or would not further the purposes of the PLRA. Wilson, 151 F.3d at 295. For example, exhaustion may be excused where irregularities in the prison administrative system itself prohibited the plaintiff from doing so. Id.; see also Shah v. Quinlin, 901 F.2d 1241, 1244 (5th Cir.1990). An administrative remedy is not available where prison officials ignore or interfere with the prisoner's pursuit of relief. Id. And see Holloway v. Gunnell, 685 F.2d 150, 154 (5th Cir. 1982).

In this case, in not filing a response, plaintiff has failed to offer any explanation as to why he did not pursue his administrative remedies to their conclusion. Moreover, the fact that he filed a Step 1 grievance on other issues is some evidence that he understood the TDCJ grievance process and had availed himself of it in the past. (See DX-B). There is no allegation that plaintiff was in any manner prevented from pursuing his administrative remedies.

### *Dismissal with prejudice.*

Prior to Woodford, dismissal for failure to exhaust was generally without prejudice. See Wendell, 162 F.3d at 892. But see Underwood, 151 F.3d at 296 (dismissal with prejudice appropriate where plaintiff has sought federal intervention in

prison affairs prior to the prison having an opportunity to address the complaint within its grievance procedures).  Under Woodford, however, exhaustion is now mandatory, and dismissal with prejudice is appropriate.

## IV.  CONCLUSION

Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e prior to filing suit, there are no circumstances to excuse exhaustion, and dismissal with prejudice is appropriate.  Accordingly, defendant's motion for summary judgment to dismiss plaintiff's claims for failure to exhaust (D.E. 61) is GRANTED, and plaintiff's claims are dismissed with prejudiced.

Signed this 5th day of February, 2007.

_____
Janis Graham Jack
United States District Judge